10-208-cv
*Lu v. Chase Inv. Servs. Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand eleven.

PRESENT: WILFRED FEINBERG,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

---

HONGYAN LU,
*Plaintiff-Appellant*,

-v.- No. 10-208-cv

CHASE INVESTMENT SERVICES CORPORATION, individually and doing business as JP Morgan Chase,
*Defendant-Appellee.*\*

---

DAVID GEORGE GABOR, Gabor & Gabor, Garden City, New York, *for Plaintiff-Appellant.*

FREDERIC L. LIEBERMAN, JPMorgan Chase Legal & Compliance Department, New York, New York, *for Defendant-Appellee.*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

---

\* The Clerk of the Court is directed to amend the official caption as set forth above.

Plaintiff-Appellant Hongyan Lu ("Lu") appeals from a Memorandum and Order of the United States District Court for the Eastern District of New York (Block, *J.*), filed December 10, 2009, granting Defendant-Appellee Chase Investment Services Corporation's ("CISC") motion for summary judgment and dismissing Lu's complaint. Lu brought suit against CISC following her termination from her position as a financial advisor at a CISC branch located at 39-01 Main Street, Flushing, New York, claiming disparate treatment, hostile work environment, and wrongful termination on account of her gender, ethnicity, and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW § 296 (McKinney 2010); and the New York City Human Rights Law ("NYCHRL"), N.Y.C. ADMIN. CODE § 8-107. In addition, Lu sought back pay pursuant to the New York Labor Law. *See* N.Y. LAB. LAW § 198 (McKinney 2009). The district court granted CISC's motion for summary judgment as to all of Lu's claims except the back pay claim, over which it declined to exercise supplemental jurisdiction. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review a district court's grant of summary judgment *de novo*, and "will uphold the judgment only if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment was warranted as a matter of law." *Molinari v. Bloomberg*, 564 F.3d 587, 595 (2d Cir. 2009) (internal quotation marks omitted). Although "the burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists," *Gallo v. Prudential Residential Servs., Ltd. P'Ship*, 22 F.3d 1219, 1223 (2d Cir. 1994), the non-moving party nonetheless must "come forward with specific facts showing that there is a genuine issue of material fact for trial," *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003). "Conclusory allegations, conjecture, and

2

speculation . . . are insufficient to create a genuine issue of fact." *Id.* (internal quotation marks omitted; alteration in original).

In addressing a motion for summary judgment as to employment discrimination claims, "[a] trial court must be cautious about granting summary judgment to an employer when . . . its intent is in issue," and "affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination." *Gallo*, 22 F.3d at 1224. Nevertheless, "[s]ummary judgment is appropriate even in discrimination cases, for . . . the salutary purposes of summary judgment—avoiding protracted, expensive and harassing trials—apply no less to discrimination cases than to other areas of litigation." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (internal quotation marks and alteration omitted); *see also Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) ("It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases.").

## I. Title VII Claims

On appeal, Lu contends primarily that the district court erred in dismissing her discrimination claims brought pursuant to Title VII. Title VII prohibits an employer from discharging or discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). We assess Title VII discrimination claims under the familiar burden-shifting framework articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See, e.g.*, *Weinstock*, 224 F.3d at 42 (noting that *McDonnell Douglas* applies in Title VII cases "where there is no direct or overt evidence of discriminatory conduct"). Under the *McDonnell Douglas* framework, the plaintiff must first establish a *prima facie* case of

3

discrimination "by showing that: (1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Id.* (noting, however, that this burden is "*de minimis*"). Once the plaintiff has established a *prima facie* showing of discrimination, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the employment action. *McDonnell Douglas*, 411 U.S. at 802. The defendant "must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, *if believed by the trier of fact*, would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993) (internal quotation marks omitted; emphasis in original).

Once the defendant proffers a legitimate, nondiscriminatory reason for the challenged action, "the presumption of discrimination arising with the establishment of the *prima facie* case drops from the picture." *Weinstock*, 224 F.3d at 42. The burden then shifts back to the plaintiff to "come forward with evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination." *Id.* This requires the plaintiff to produce "not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the employer were false, and that more likely than not discrimination was the real reason for the discharge." *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996) (internal quotation marks and alteration omitted) (requiring that a plaintiff produce something more "than conclusory allegations"). Moreover, "a reason cannot be proved to be a 'pretext for *discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *Hicks*, 509 U.S. at 515 (emphasis in original).

Lu, a Chinese-American female, alleges that CISC discriminated against her by (1) hiring Daniel Kim ("Kim"), a Korean-American male, to work part-time as a financial advisor at Lu's

4

branch; (2) transferring some of Lu's existing customer accounts to Kim at the time he was hired to work at Lu's branch; (3) placing Lu on "Heightened Supervision" status following detection of compliance issues with Lu's trade and sales activities by CISC's Compliance Department; (4) hiring Chuanlu Qiu ("Qiu"), a Chinese-American male, to work as a financial advisor at Lu's branch; (5) transferring some of Lu's existing customer accounts to Qiu; and (6) terminating Lu. In response, CISC contends, *inter alia*, that Kim was hired due to the need for a Korean-speaking financial advisor at Lu's branch; Lu was placed on Heightened Supervision due to the detection of violations of CISC's internal sales practice rules and operating procedures by CISC's Compliance Department; Qiu was hired due to CISC's determination that Lu's branch was under-producing and another financial advisor was required to service its substantial customer base; some of Lu's accounts were reassigned to Qiu in order to "seed" his book of business and to increase production at the branch; and Lu was terminated due to continuing compliance issues regarding her trade and sales practices.

As an initial matter, Lu's claims regarding the hiring of Kim and alleged transfer of some of her customer accounts to him are untimely, and therefore are not properly before us. Lu admits that she did not file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within the required 300 days following the complained-of actions. *See* 42 U.S.C. § 2000e-5(e)(1). Lu argues, however, that these incidents constituted part of a "continuing violation" of her rights under Title VII. We have held that "if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53 (2d Cir. 1993). We have cautioned, however, that while this theory may apply to "cases involving specific discrimina- tory policies or mechanisms, . . . multiple incidents of discrimination, *even similar ones*, that are not

5

the result of a discriminatory policy or mechanism do not amount to a continuing violation." *Id.* (emphasis added); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). Aside from her own conclusory allegations, Lu has presented no evidence that the hiring of Kim and alleged transfer of some of her customer accounts to him were part of a discriminatory policy or mechanism on the part of CISC. Nor has she established that "specific and related instances of discrimination [we]re permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Cornwell v. Robinson*, 23 F.3d 694, 704 (2d Cir. 1994). Lu's allegations regarding Kim, to the contrary, concern discrete discriminatory acts, and her failure to file a timely administrative charge bars us from considering those claims. *See Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001).

With regard to Lu's remaining allegations—concerning her placement on Heightened Supervision status, the hiring of Qiu and reassignment of some of her customer accounts to him, and her ultimate termination—she has failed to satisfy her burden under *McDonnell Douglas* so as to survive summary judgment. Even assuming, *arguendo*, that Lu has established a *prima facie* case of gender discrimination as to her placement on Heightened Supervision, CISC has proffered a legitimate, nondiscriminatory reason for that action—namely, that CISC's internal Compliance Department noted a pattern of compliance issues with Lu's trade and sales practices, specifically regarding her sales of the Oppenheimer Senior Floating Rate Fund (the "Fund"), in a manner inconsistent with CISC's suitability and risk tolerance guidelines and its general sales practices. Lu has offered no evidence, aside from her own conclusory allegations, to establish that this proffered reason was a pretext for discrimination. *Cf. Pucino v. Verizon Wireless Commc'ns, Inc.*, 618 F.3d 112, 119 (2d Cir. 2010) (noting that "'purely conclusory allegations of discrimination' that are

6

devoid of 'concrete particulars' do not suffice to avoid summary judgment" (quoting *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985))). To the contrary, the evidence, taken in the light most favorable to Lu, fails to demonstrate that CISC's decision to place Lu on Heightened Supervision was motivated by anything other than sound business practice. While Lu contends that she in fact complied fully with CISC's internal guidelines regarding sales of the Fund, the possibility that CISC's placement of Lu on Heightened Supervision may have been erroneous does not, without evidence that it was a pretext for *discrimination*, satisfy her burden under *McDonnell Douglas*. *See Hicks*, 509 U.S. at 515.

Lu's claims of gender discrimination regarding the hiring of Qiu and reassignment of some her accounts to him fail for similar reasons. CISC has proffered legitimate, nondiscriminatory reasons for these actions, which Lu has failed to rebut. CISC contends that it hired Qiu to work alongside Lu as a financial advisor based on its view that Lu's branch, which had a sizeable deposit base, was underperforming. According to CISC, moreover, the subsequent reassignment of some of Lu's accounts to Qiu—those that had not registered any activity in the prior eighteen months—was designed to "seed" Qiu's book of business and facilitate the desired increase in production from Lu's branch. Again, as above, Lu has failed to offer sufficient evidence—aside from her own self-serving and conclusory allegations that CISC's proffered nondiscriminatory reasons for these actions are false—to permit a reasonable factfinder to conclude that CISC's hiring of Qiu and reassignment to him of some of Lu's customer accounts was in fact motivated by discriminatory animus. *See Schnabel v. Abramson*, 232 F.3d 83, 88 (2d Cir. 2000) ("A jury . . . could conclude that defendants' stated reasons for firing plaintiff were pretextual. Nevertheless, plaintiff has not demonstrated that the asserted pretextual reasons were intended to mask. . . *discrimination*." (emphasis added)). Thus, the district court did not err in granting

7

summary judgment to CISC as to these claims.

Nor has Lu established that she was wrongfully terminated, based on her claim that she was treated differently from similarly situated male financial advisors at CISC. CISC contends that Lu was terminated for, *inter alia*, persisting in the noncompliant sales practices regarding the Fund that had initially resulted in her placement on Heightened Supervision. "To demonstrate that similarly situated males were treated differently," Lu "has to show that these males engaged in comparable conduct." *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997). In this regard, Lu offers "little more than conclusory statements" and "sweeping allegations unsupported by admissible evidence," and her claim must fail. *Id.* at 65. The male employees to whom Lu compares herself were not similarly situated, as she offers no example of an employee in her position—one who, for example, was placed on Heightened Supervision based on an improper sales practice, removed from that status, and who subsequently returned to the prohibited practice—who was not terminated. *See Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) ("A plaintiff relying on disparate treatment evidence must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." (internal quotation marks omitted)). Lu, accordingly, has failed to demonstrate that she was treated in a disparate manner from other employees based on her gender, and the district court did not err in granting summary judgment to CISC as to this claim.

Finally, Lu's claims that she was discriminated against on account of her race and national origin—based on the same alleged adverse employment actions detailed above—fail for predominantly the same reasons as her gender discrimination claims. Although the plaintiff's burden in establishing a *prima facie* case of discrimination is admittedly *de minimis*, *see Weinstock*, 224 F.3d at 42, Lu arguably has failed to satisfy even that burden. Lu, simply put, presented no

8

evidence that the challenged employment actions arose under "circumstances giv[ing] rise to an inference of discrimination" based on her ethnicity or national origin. *Id.* We note in this regard that Lu's claims largely involve the hiring of Kim and Qiu and reassignment of some of Lu's customer accounts to them—both Kim and Qiu are Asian-American, however, and Qiu is of the same national origin as Lu. *Cf. Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 560 (2d Cir. 1997) ("Although each case must involve an examination of all the circumstances, some factors strongly suggest that invidious discrimination was unlikely."). Regardless, even assuming Lu has established a *prima facie* claim of ethnicity or national origin discrimination, these claims fail for the same reason as Lu's gender discrimination claims—namely, her failure to present plausible evidence suggesting that the legitimate, nondiscriminatory reasons advanced by CISC for its actions in regard to Lu were a pretext for discrimination. Accordingly, the district court did not err in granting summary judgment for CISC as to these claims.

## II. Remaining Claims

Since Lu's claims pursuant to 42 U.S.C. § 1981 are analyzed under the same *McDonnell Douglas* burden-shifting framework as her Title VII claims, they must fail for the reasons articulated above. *See Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010) (noting that "claims for race and national origin discrimination under [42 U.S.C. §] 1981 . . . are analyzed under the burden-shifting framework set forth in *McDonnell Douglas*"). The same is true for Lu's NYSHRL and NYCHRL claims, to the extent they were timely filed. *See, e.g.*, *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n.1 (2d Cir. 2000) ("[C]onsideration of claims brought under the state and city human rights laws parallels the analysis used in Title VII claims."); *see also* N.Y. C.P.L.R. 214(2) (McKinney 2003) (three year statute of limitations for claims under the NYSHRL); N.Y.C. ADMIN.

CODE § 8-502(d) (same for NYCHRL).  Accordingly, the district court did not err in dismissing these claims.[1]

We have considered all of Appellant's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] In her brief on appeal, Lu does not challenge the district court's dismissal of her hostile work environment claim, and any argument of error as to that decision is properly deemed waived.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).  Nor does Lu challenge the district court's decision not to exercise supplemental jurisdiction over her claim for back pay brought pursuant to the New York Labor Law.

10