12-2795-cv
Ben-Levy v. Bloomberg, L.P.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 1st day of May, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             CHRISTOPHER F. DRONEY,
                       *Circuit Judges*.

_____

SHAI BEN-LEVY,

                         *Plaintiff-Appellant*,

              -v-                                          12-2795-cv

BLOOMBERG, L.P., TONY TANG, DOMENIC MAIDA,
PRAMIT SHAH,

                   *Defendants-Appellees*.[*]

_____

Appearing for Appellant:          Neal Brickman, The Law Offices of Neal Brickman, P.C.,
                                  New York, NY.

Appearing for Appellees:          Thomas H. Golden, Willkie Farr & Gallagher LLP, (Scott
                                  S. Rose, *on the brief*) New York, NY.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

_____

[*] The Clerk of the Court is directed to amend the caption as set out above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Shai Ben-Levy seeks review of the district court's June 26, 2012 judgment, granting summary judgment to the Defendants-Appellees on his claims of discrimination, retaliation, and a hostile work environment under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). "Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) (internal quotation marks omitted). Where the moving party demonstrates "the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), the non-moving party must then present specific evidence demonstrating a genuine dispute, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), governs claims of discrimination under the ADA, ADEA, and NYSHRL. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (ADEA);[1] *Regional Econ. Cmty. Action Program, Inc. v. City of Middletown* ("*RECAP*"), 294 F.3d 35, 48-49 (2d Cir. 2002) (ADA); *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n.1 (2d Cir. 2000) (NYSHRL). Under this framework, "the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). To establish a prima facie case of discrimination, a plaintiff must demonstrate (1) that he belonged to a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Weinstock*, 224 F.3d at 42. Upon the establishment of a prima facie case, the burden shifts to the defendants to proffer a legitimate, nondiscriminatory reason for the complained of action. *Id.* "Upon the defendant's articulation of . . . a non-discriminatory reason for the employment action, the presumption of discrimination arising with the establishment of the *prima facie* case drops from the picture," and the burden shifts back to the plaintiff to "come forward with evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination." *Id.*

---

[1] We note that to prevail on claims of discrimination under the ADEA, a plaintiff must show that "but for" their age the adverse employment action would not have been taken. *Gorzynski*, 596 F.3d at 106. This difference in the standard, however, is not pertinent to the outcome in the instant case.

As the burden of making out a prima facie case is "not onerous," *Burdine*, 450 U.S. at 253, we assume that Ben-Levy has made a sufficient showing and turn to the next steps of the *McDonnell Douglas* analysis. Bloomberg has proffered substantial evidence that Ben-Levy's demotions and sometimes attendant decreases in compensation were the result of two division-wide reorganizations and his supervisors' repeatedly documented concerns about Ben-Levy's management abilities. Ben-Levy does not offer evidence from which a reasonable jury could conclude that these reasons were "mere pretext." *Weinstock*, 224 F.3d at 42. While Ben-Levy repeatedly challenges the substance of his performance reviews, he does not present evidence to suggest that his managers did not actually hold those beliefs about his abilities nor does he offer evidence to undermine them. *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 105 (2d Cir. 2001) ("Where an employer's explanation, offered in clear and specific terms, is reasonably attributable to an honest even though partially subjective evaluation of . . . qualifications, no inference of discrimination can be drawn." (internal quotation marks omitted)); *see also Lu v. Chase Inv. Servs. Corp.*, 412 F. App'x 413, 417 (2d Cir. 2011) (that employer's decision "may have been erroneous does not, without evidence that it was a pretext for discrimination, satisfy . . . burden under *McDonnell Douglas*"). Thus, we conclude that Ben-Levy has failed to make a showing of discrimination under the ADA, ADEA, or NYSHRL.

While there are slight differences in the showing needed to make out a prima facie case for retaliation from that for discrimination, claims of retaliation under the ADA, ADEA, NYSHRL, and FMLA remain subject to the *McDonnell Douglas* burden-shifting analysis. *Gorzynski*, 596 F.3d at 110 (ADEA); *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 609 (2d Cir. 2006) (NYSHRL); *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004) (FMLA); *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001) (ADA). Even assuming that Ben-Levy has made out a prima facie case of retaliation, summary judgment was rightly granted to Bloomberg on substantially the same grounds as for his discrimination claims. Ben-Levy has not presented any evidence from which a reasonable jury could conclude that Bloomberg's business motivations for his moves within the company, compensation reductions, and negative performance evaluations were mere pretext for a retaliatory motivation. While Ben-Levy demonstrates that his February 2010 internal complaint of discrimination and retaliation was followed by his removal as project manager on an important project by just two days, this temporal proximity—while enough to support a prima facie case—is insufficient to establish pretext. *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010).

While the NYCHRL is indeed reviewed "independently from and more liberally than" federal or state discrimination claims, *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) (internal quotation marks omitted), it still requires a showing of some evidence from which discrimination can be inferred. Ben-Levy fails to meet even this lesser burden. In the instant case, the conclusion regarding Ben-Levy's federal and state law claims is indistinguishable from that on his city law claims because while more is required to demonstrate discrimination and retaliation under federal and state law than under local law, Ben-Levy fails to point to any evidence from which a reasonable jury could conclude that Bloomberg was motivated by discrimination or retaliation. Thus, his city law claims fail as well.

Finally, to make a claim for a hostile work environment, a plaintiff must show "that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive

working environment." *Howley v. Town of Stratford*, 217 F.3d 141, 153 (2d Cir. 2000) (internal quotation marks and alteration omitted). Ben-Levy has not presented evidence suggesting that his workplace was filled with any "discriminatory intimidation, ridicule, and insult," much less that sufficient to meet the standard for a hostile work environment. Ben-Levy readily admits that no one at Bloomberg made any comments, jokes, or insults about his age, medical condition, or leave. We conclude that no reasonable juror could find that Ben-Levy was subjected to harassment on the basis of his age, medical condition, or invocation of medical leave. We reach this conclusion even under the broad and liberal construction of the NYCHRL. *See Loeffler*, 582 F.3d at 278. Accordingly, the district court properly granted summary judgment on Ben-Levy's hostile work environment claim.

We have considered Ben Levy's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4